**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**MARIO ARTHUR GARCIA,**

        **Petitioner,**

v.                                            **Civil Action No. 3:13cv22
                                                Criminal Action No. 3:09cr66
                                                (Judge Bailey)**

**UNITED STATES OF AMERICA,
        Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On February 27, 2013, the *pro se* petitioner, an inmate incarcerated at th Federal Prison Camp at Beaver, West Virginia, filed a petition under 28 U.S.C. § 2255 for Writ of Habeas Corpus by a Person in Federal Custody,[1] alleging ineffective assistance of counsel and contesting a sentencing enhancement he received. The Clerk of Court issued a Notice of Deficient Pleading, advising the petitioner to file his motion on a court-approved form within twenty-one days or risk dismissal of his case. By Order entered April 1, 2013, petitioner was directed to show cause why his case should not be dismissed for failure to prosecute, within fourteen days or by April 15, 2013. On April 10, 2013, petitioner filed his court-approved form. On April 11, 2013, a <u>Hill v. Braxton</u>[2] notice was sent to petitioner. On May 6, 2013, petitioner filed a memorandum in support of his court-approved form.[3]

This case, which is pending before me for report and recommendation, pursuant to LR PL P 1 and 2, is ripe for review.

---

[1] (Dkt.# 200).

[2] *See* <u>United States v. Sosa</u>, 364 F.3d 506 (4th Cir. 2004); <u>Hill v. Braxton</u>, 277 F.3d at 707.

[3] (Dkt.# 212).

## II. **FACTS**

### A. **Conviction and Sentence**

On September 15, 2009, the Grand Jury returned indictment naming petitioner in one count of a two-count indictment.[4] On November 17, 2009, a two-count superseding indictment was filed, again naming petitioner in one count.[5] On March 3, 2010, after a two-day jury trial, a verdict was entered against petitioner, finding him guilty on Count 2, distribution of cocaine base, also known as "crack," in violation of Title 21, U.S.C. §841(a)(1).[6] On July 27, 2010, petitioner was sentenced to one hundred twenty-one months incarceration, with four years of supervised release. Judgment was entered on July 30, 2010.[7] By Order entered August 3, 2010, petitioner's sentence was modified to seventy-eight months,[8] pursuant to the then-recently-passed Fair Sentencing Act of 2010. On August 16, 2010, an amended judgment was entered.[9]

### B. **Appeal**

On July 27, 2010, petitioner filed a notice of appeal of his conviction.[10] On appeal, petitioner contended that: the district court erred: in denying his motion to dismiss the indictment for excessive pre-indictment delay; in denying his motion to exclude testimony that he came to West Virginia to sell cocaine; and when it declined to provide the jury an instruction on reasonable doubt.

---

[4] (Dkt.# 1).

[5] (Dkt.# 60).

[6] (Dkt.# 123).

[7] (Dkt.# 171).

[8] (Dkt# 176).

[9] (Dkt.# 180).

[10] (Dkt.# 162).

Further, he argued that the district court should have granted him a new trial for prosecutorial misconduct, because the Government elicited testimony regarding a polygraph examination and its rebuttal argument was improper. He alleged that the evidence was insufficient to support his conviction. Finally, he challenged his sentence, arguing that it was procedurally unreasonable. He contested a two-level obstruction of justice enhancement he received for testifying falsely at trial, and argued that the district court failed to address a Kimbrough[11] issue, to determine whether the sentencing disparity between crack and powder cocaine yielded a sentence greater than necessary to achieve §3553's purposes. On May 27, 2011, the judgment of the district court was affirmed by the Fourth Circuit in an unpublished *per curiam* opinion.[12]

Although petitioner's habeas corpus petition denies it, a review of the Fourth Circuit's docket of his appeal reveals that petitioner did in fact, file a petition for writ of *certiorari* with the United States Supreme Court on September 26, 2011,[13] after being granted an extension of time in which to do so. On January 17, 2012, the petition for certiorari was denied.[14]

## C. Federal Habeas Corpus

Petitioner raises two grounds in his § 2255 motion, re-ordered here for clarity and expediency:

**1)** counsel was ineffective for failing to:

    (a) challenge the sufficiency of the evidence;

---

[11] Kimbrough v. United States, 552 U.S. 85 (2007)(holding that sentencing courts may conclude that application of a 100-to-1 crack to powder ratio produced a sentence greater than necessary under 18 U.S.C. §3553(a) (2006) and may deviate from the Guidelines on that basis).

[12] (Dkt.# 196).

[13] (4th Cir. Dkt.# 53)(10-4826).

[14] (4th Cir. Dkt.# 54)(10-4826).

(b) investigate background and testimony of a witness; and

(c) object to the use of the witness Williams' testimony and the fact that Williams was an unreliable witness.

**2)** He received an enhancement for obstruction based on the witness Williams' unreliable testimony.

As relief, he requests the removal of the "obstruction of justice count."

### D. Recommendation

Based on a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket as untimely.

### III. ANALYSIS

### A. Statute of limitations for filing a 28 USC §2255 Motion

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. The period of limitation will begin to run from the latest of the following four dates:

(A) the date on which the judgment of conviction becomes final;

(B) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from making a motion by such governmental action;

(C) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Aikens v. United States, 204 F.3d 1086, 1089, n.1 (11th Cir. 2000). There are two

recognized exceptions to this general rule which apply when a federal prisoner seeks direct appellate review of his conviction or sentence. First, if upon disposition of a direct appeal, a federal prisoner files a writ of *certiorari* with the U.S. Supreme Court, the conviction becomes final when the Supreme Court either denies *certiorari* or issues a decision on the merits. *See* Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not timely file a *certiorari* petition after disposition of his direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, or ninety days after the entry of the judgment on direct appeal. *See* Clay v. United States, 537 U.S. 522, 532 (2003).

The Fourth Circuit has held that, under some circumstances, the AEDPA statute of limitations is subject to equitable modifications such as tolling. United States v. Prescott, 221 F.3d 686, 687-88 (4th Cir. 2000). Nonetheless, "rarely will circumstances warrant equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). In order to be entitled to equitable tolling, petitioner bears the burden of presenting evidence which shows that he was prevented from timely filing his § 2255 petition because of circumstances beyond his control, or external to his own conduct, and that it would be unconscionable, or that a gross injustice would occur, if the limitation were enforced. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). To make such a showing, petitioner must also show that he employed reasonable diligence in investigating and bringing his claims. Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 617 (3rd Cir. 1998).

Here, after a 2-day trial and guilty verdict, the petitioner was sentenced on July 27, 2010; the amended judgment was docketed on August 16, 2010. Petitioner timely appealed. The Fourth Circuit of Appeals affirmed his conviction and sentence on May 27, 2011. Petitioner petitioned to the United States Supreme Court for a writ of *certiorari* on September 26, 2011; the petition was

5

denied on January 17, 2012. Therefore, petitioner's conviction became final on January 17, 2012, the date his petition for *certiorari* was denied. Accordingly, he had until January 17, 2013 to file his habeas corpus petition under AEDPA.

Petitioner did not file his §2255 petition until February 27, 2013, five weeks and six days after the one year statute of limitations had already expired.[15]

On April 11, 2013, a <u>Hill v. Braxton</u> notice was issued to petitioner,[16] warning him that his §2255 motion was untimely and would be recommended for dismissal if, within 30 days, he did not respond and demonstrate that his petition was in fact timely, or that he was entitled to equitable tolling of the statute of limitations. Although petitioner later sent a memorandum in support of his §2255 motion, it did not discuss untimeliness. Well over three and a half months have passed since that notice was sent; petitioner has not responded. Despite adequate notice from the court, petitioner has failed to avail himself of the additional opportunity to save his habeas corpus petition, afforded via the <u>Hill v. Braxton</u> notice, by providing any information to show he is entitled to equitable tolling or that his petition is otherwise timely.

## IV. <u>Recommendation</u>

For the reasons set forth in this opinion, the undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion (Dkt.# 200) and **DISMISSING it with prejudice**.

**Within fourteen (14) days** after being served with a copy of this report and

---

[15] Even if the petitioner were given the benefit of the "mailbox rule," his petition would still be grossly untimely, because the petition was sent on February 25, 2013, after the one-year statute of limitations had already expired, and the envelope in which it was received is postmarked February 27, 2013.

[16] (Dkt. 125).

6

recommendation, **or by August 13, 2013**, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. **Failure to file timely objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: July 30, 2013

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE